UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 29 2017
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| DENNIS R. SERAMUR d/b/a DENNIS & SONS BUILDERS, individually and as the representative of a class of similarly-situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>ROTOBRUSH INTERNATIONAL LLC,<br><br>    Defendant. | Civil Action No. 4:16-cv-1087-BJ |

## FINAL APPROVAL AND JUDGMENT OF CLASSWIDE SETTLEMENT

WHEREAS, Plaintiff (on behalf of himself and the Settlement Class) and Defendant filed an executed Settlement Agreement (the "Agreement") with the Court on June 15, 2017; and

WHEREAS, the Court, on June 28, 2017, entered an Order Preliminarily Approving the Class Action Settlement, and Approving the Class Action Settlement Notice (the "Preliminary Approval Order"), and directed that the Notice of Proposed Settlement be distributed to Settlement Class Members, and scheduled a hearing to be held on November 29, 2017, to determine whether the Settlement should be approved as fair, reasonable, and adequate; and

WHEREAS, Plaintiff has demonstrated to the Court that such Notice of Proposed Settlement was distributed in accordance with the terms of the Preliminary Approval Order; and

WHEREAS, in accordance with the Notice of Proposed Settlement disseminated to the Settlement Class Members, a hearing was held on November 29, 2017, at which all interested persons were given an opportunity to be heard;

NOW, THEREFORE, the Court, having read and considered all submissions made in connection with the Agreement, including statements in open court, finds and concludes as follows:

1. The Complaint in this action alleged that Defendant faxed unsolicited advertisements to Plaintiff and the other members of a putative class. The Complaint alleged Defendant's practice violated federal law and caused damages to Plaintiff and the other members of a putative class.

2. In the Preliminary Approval Order, pursuant to Federal Rule 23, the Court certified the "Settlement Class" of persons alleging one or more of the causes of action in the Second Amended Complaint defined as follows:

> All persons who were sent any telephone facsimile message between June 1, 2012 and June 30, 2016 by or on behalf of Rotobrush International LLC without the required opt out language.

Excluded from the Settlement Class are Rotobrush International LLC, and its parents, subsidiaries affiliates or controlled persons, and its members, managers, agents, servants, and employees of any kind and the members of their immediate families. The parties have expressly agreed to this Settlement Class definition for settlement purposes only. Also excluded are those who timely exercised their right of exclusion.

3. Further, the Court appointed Plaintiff as the "Class Representative" and appointed attorney Brian J. Wanca as "Class Counsel" for the settlement class.

4. Plaintiff and Defendant executed the Agreement and filed it with the Court. The Agreement provides for the settlement of this action on behalf of Plaintiff and the Settlement Class, subject to the Court's approval. The Court scheduled a hearing to consider approval of the Agreement, and directed that notice of the Agreement and of this hearing be

disseminated to the Settlement Class in accordance with the terms of the Preliminary Approval Order.

5. In accordance with the terms of both the Agreement and the Preliminary Approval Order, Plaintiff caused the Notice of Proposed Settlement to be disseminated, informing potential Settlement Class Members of the pendency of this Action and of the terms of the settlement, and of their opportunity to request exclusion from the Settlement Class or to object to the terms of the settlement. Defendant's attorneys confirmed to the Court with the Affidavit of Dorothy Sue Merryman that the dissemination of the Notice of Proposed Settlement had occurred in accordance with the Preliminary Approval Order.

6. The Court hereby finds that the Notice of Proposed Settlement disseminated to the Settlement Class Members in accordance with the terms of the Preliminary Approval Order constituted the best notice practicable under the circumstances, and complied with Federal Rule of Civil Procedure 23(c)(2) and 23(e)(1). The Affidavit confirming dissemination of the Notice of Proposed Settlement filed with this Court demonstrates that this Court's Preliminary Approval Order with respect to dissemination of the Notice of Proposed Settlement was complied with, and that the best notice practicable under the circumstances was in fact given, and constituted valid, due, and sufficient notice to Settlement Class Members.

7. Plaintiff has applied to the Court for final approval of the terms of the Agreement and for the entry of this Final Approval Order. Pursuant to the Notice of Proposed Settlement, and upon notice to all parties, a hearing was held before this Court on November 29, 2017 to determine whether the Court should approve the Agreement as a fair, reasonable, and adequate compromise of this litigation, and whether the Final Approval Order, without prejudice to the enforcement of the final judgment entered, should be entered.

8. The Court hereby finds that the Agreement is the result of good faith, arm's-length negotiations by the parties thereto, and that it will further the interests of justice. The Settlement Agreement is hereby incorporated into and adopted as part of this Order.

9. Additionally, based upon the evidence in the record and statements made in open court, the Court finds as follows:

    a. that the settlement is made in reasonable anticipation of liability;

    b. that the settlement amount is fair and reasonable;

    c. that Defendant's decision to settle conforms to the standard of a prudent uninsured;

    d. that the judgment amount is that to which a prudent person in Defendant's position would have settled for on the merits of the claims in this Litigation;

    e. Defendant arranged for the transmission of more than 135,353 faxes through a commercial service between June 1, 2012 and June 30, 2016 and Defendant did not obtain the recipients' prior express invitation or permission to send those faxes;

    f. Each of Defendant's fax advertisements did not have the required opt out language;

    g. Defendant believed that it had the recipients' consent to send the faxes, and/or that it had an established business relationship with the recipients;

    h. Defendant did not intend to injure the fax recipients;

    i. In 2016, Defendant tendered this Litigation to its insurer for defense and indemnity; and

    j. Its insurers denied coverage and refused to defend.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

A. The Court possesses jurisdiction over the subject matter of this Action, the Plaintiff, the Settlement Class Members, and Defendant. The Court certifies the following Settlement Class:

> All persons who were sent any telephone facsimile message between June 1, 2012 and June 30, 2016 by or on behalf of Rotobrush International without the required opt out language (the "Settlement Class").

Excluded from the class are Rotobrush International LLC, any of its parents, subsidiaries, affiliates or controlled persons, and its members, managers, agents, servants, and employees of any kind and the members of their immediate families. Also excluded are those persons identified in Paragraph C. below.

B. It is hereby determined that the Notice of Proposed Settlement, as disseminated to members of the Settlement Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to members of the Settlement Class, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by Plaintiff complied fully with the requirements of due process, under Federal Rule of Civil Procedure 23(c)(2) and 23(e)(1), and all other applicable laws.

C. Fifteen (15) members of the Settlement Class requested exclusion. Exhibit A. The persons listed on Exhibit A to this order are hereby excluded from the Settlement Class. All remaining Settlement Class Members are bound by the Final Judgment and by the Agreement and the settlement embodied therein,

including the covenant not to execute provided for in the Agreement and in this Final Approval Order.

D. All provisions and terms of the Agreement are hereby found to be fair, reasonable, and adequate as to the Settlement Class Members and Plaintiff, and all provisions and terms of the Agreement are hereby finally approved in all respects. The Agreement was made in reasonable anticipation of liability. The settlement amount is fair and reasonable. Defendant's decision to settle conforms to the standard of a prudent uninsured. The agreed judgment amount is what a prudent person in Defendant's position would have settled for.

E. The Court enters judgment against Defendant in the total amount of $3,000,000.00. The Judgment shall be satisfied only through the proceeds of Defendant's insurance policy. Any recovery obtained on the judgment shall not be disbursed except upon approval by the Court. The Court retains jurisdiction over this case for purposes of implementing this order

F. It is hereby ordered that the Named Plaintiff shall receive $15,000.00 from any recovery against Defendant's insurer(s), in accordance with the Agreement, as an incentive payment for its services to the Settlement Class. Each Settlement Class member, including Plaintiff, who does not exclude itself will be sent a pro rata share of the amount recovered, after the deductions approved herein. Such payments will be made by checks void 90 days after Issuance.

G. It is hereby ordered that within seven (7) days of entry of this order, Defendant shall pay to Class Counsel any remaining balance owed toward expenses ($5,000.00 less class notice costs).

H. It is hereby ordered that Plaintiff's attorneys shall, for the reasons set forth in their fee petition, receive attorneys' fees equal to one third of any recovery against Defendant's insurer(s), plus their out-of-pocket expenses not already reimbursed, in accordance with the Agreement.

I. It is hereby ordered that any funds received from Defendant's insurer(s) remaining after payment of class administration costs, the incentive award to Plaintiff, the attorney's fees and costs to Plaintiff's attorneys, and all payments to the Settlement Class members, shall be paid as a *cy pres* award to a charity or charities approved by this Court at the request of Plaintiff attorneys.

J. On entry of this Final Order, the Plaintiff and any Settlement Class member who did not opt out will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendant and/or any of its parents, subsidiaries, divisions, affiliates, members, managers, agents, servants and employees of any kind, in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendant or its parents, subsidiaries, divisions, affiliates, members, managers, agents, servants, partners, members, and employees of any kind

(including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members who have not timely excluded themselves from the Settlement Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action or the settled claims.

K. Plaintiff and each Settlement Class Member, and his heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendant and its members, managers, and employees not to execute on the Judgment against Defendant, or any of its past or present members, managers, employees of any kind, agents, servants, parents, affiliates, subsidiaries or divisions, or any other successors, assigns or legal representatives thereof, but rather, as expressly provided for and subject to the limitations contained in the Covenant Not to Execute in the Parties' Agreement, have agreed to pursue collection of the Judgment solely against Defendant's Insurance Policy and Defendant's insurer only. This provision does not release the judgment against Defendant to be entered herein, or the right to enforce the judgment in favor of the Plaintiff and the Settlement Class against Defendant's insurer only.

L. The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judjcata* and other preclusive effect

           in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

M.      The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order and the accompanying Final Judgment, the Court retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement, this Order, and the final judgment contained herein and any future recovery for the class against Defendant's insurer.

N.      Defendant shall cooperate fully with Plaintiff in all subsequent actions against Defendant's insurers, as provided in the Settlement Agreement.

O.      This is a final and appealable order and there is no just reason to delay enforcement or appeal.

P.      Should the Settlement not become effective in accordance with the terms set forth in the Settlement Agreement, this Approval Order and Judgment shall be null and void to the extent provided and in accordance with the Settlement Agreement and shall be vacated, and all orders entered in connection herewith will be null and void in accordance with, and to the extent provided by the Settlement Agreement.

Q.      Post-judgment interest shall accrue from the date of entry of this Judgment Order.

SIGNED November 29, 2017.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE